IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN W. SUMNER, JR.                                    PLAINTIFF

V.                              No. 13-5034

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, John W. Sumner, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on September 30, 2010, alleging

an inability to work since July 30, 2010, due to his heart and back. (Tr. 11, 66-68, 118).  An

administrative hearing was held on December 14, 2011, at which Plaintiff appeared with counsel

and testified. (Tr. 367-380).

By written decision dated March 6, 2012, the ALJ found that Plaintiff had an impairment

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

or combination of impairments that were severe - degenerative disc disease of the lumbar spine, hypertension, and non-cardiac chest pain syndrome. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) as defined in 20 CFR 404.1567(b) and 416.967(b). However, he can occasionally stoop, crouch, crawl and kneel, but should never climb ropes, ladders and scaffolds.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would not be able to perform his past relevant work, but would be able to perform such jobs as hand bagger and production helper. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied the request on January 14, 2013. (Tr. 3-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 17, 18).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

-3-

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff presents the following arguments on appeal: 1) The ALJ erred in finding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments; and 2) The ALJ failed to fully and fairly consider the disabling affects of the pain Plaintiff experiences due to spinal stenosis and degenerative disc disease. (Doc. 17).

### A.      Whether Plaintiff's Impairments meet a Listing:

Plaintiff argues that Plaintiff's impairments meet Listing 1.04. "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010), citing Sullivan v. Zebley, 493 U.S. 521, 531 (1990); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004); 20 C.F.R. §§ 404.1526(b), 416.926(b).

Listing 1.04 preliminarily provides as follows:

> *Disorders of the Spine* (e.g. herniated nucleus pulposus, spinal

arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

It is not necessary to even examine the remaining provisions of Listing 1.04 if the threshold requirement set forth above is not met. In this case, Plaintiff has not met the requirement that there be a resulting compromise of a nerve root or spinal cord. Therefore, the Court does not find it necessary to further address Plaintiff's arguments on this issue other than to say that Defendant has analyzed the remaining arguments properly and accurately. (Doc. 18 at p. 5).

**B.      Whether the ALJ Adequately Discussed Plaintiff's Pain:**

This argument has to do with the ALJ's credibility findings. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 15). In making this finding, the ALJ

AO72A
(Rev. 8/82)

considered the medical records as well as Plaintiff's daily activities. He noted that Plaintiff fell playing football on September 7, 2010, after the alleged onset date. (Tr. 16). He also noted that an x-ray of Plaintiff's lumbar spine revealed only mild degenerative changes with preserved heights and joint spaces, and he was diagnosed with musculoskeletal lumbar strain. (Tr. 156). An MRI of Plaintiff's lumbar spine on January 28, 2011, revealed the following:

> 1. Chronic degenerative disk desiccation and facet joint arthropathy at levels L4-S1
> 2. The neural foramina bilaterally at L5-S1 are borderline stenotic
> 3. Small, degenerative Schmorl's node-type defects are seen in the vertebral body endplates of T12 and L1.

(Tr. 250).  Plaintiff testified that he took muscle relaxers for his back. (Tr. 372).

The ALJ reported that functional limitations and restrictions due to pain or other symptoms were considered, but found that the medical findings that were present were not consistent with the disabling level of pain alleged by Plaintiff. (Tr. 17-18). In fact, the ALJ stated:

> Certainly, his allegations cannot be disregarded on this basis, but this is a factor that must be considered. The absence of objective medical findings to support allegations of disabling pain or other symptoms is one factor which can be used to evaluate credibility. (Black v. Apfel, 143 F.2d 383 (8th Cir. 1998).

(Tr. 18). The ALJ went on to consider the duration, frequency and intensity of Plaintiff's alleged pain, and noted that while Plaintiff may experience a degree of discomfort, "the severity of his subjective allegations is not borne out by the record. Thus, such complaints are not found to be fully credible." (Tr. 18).  The ALJ also noted that the records indicated that Plaintiff admitted that on occasion, he ran out of medication and had not taken them due to finances. (Tr. 18). However, there is no evidence that Plaintiff was refused treatment or medications for financial

-6-

reasons. This suggests that Plaintiff's symptoms may not have ben as limiting as Plaintiff alleged.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 31st day of March, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)